IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AVERY R. TYLER,

                Petitioner,

    vs.

SCOTT FRAKES,

                Respondent.

**8:19CV170**

**MEMORANDUM AND ORDER**

This matter is before me on Petitioner's correspondence which I construe as a motion for extension of time to file an appeal. (Filing 13.) Petitioner represents that his institution went on lockdown on August 30, 2020 due to a COVID-19 outbreak, and he is unable to access the law library at this time. Petitioner asks "the court to toll (stop) the 30 day clock on [his] notice of appeal because [he doesn't] have the resources available to perfect a notice of appeal." (*Id*. at CM/ECF p. 2.)

I dismissed Petitioner's habeas petition with prejudice on August 21, 2020 and denied him a certificate of appealability.[1] (Filings 11 & 12.) "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within 30 days of the entry of judgment. A district court may extend the time to file a notice of appeal if

---

[1] I note that Petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "If the district judge has denied the certificate, the applicant may request a circuit judge to issue it." *Id*. Rule 22(b)(2) of the Federal Rules of Appellate Procedure further provides that "[i]f no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Thus, any notice of appeal filed by Petitioner may also serve as a request to the Eighth Circuit Court of Appeals for a certificate of appealability.

a party moves for an extension of time and shows excusable neglect or good cause, provided that the party moves for the extension of time within 30 days of the expiration of the 30-day period set out in Rule 4(a)(1)(A). Fed. R. App. P. 4(a)(5)(A).

Upon consideration and for good cause shown, the court will grant Petitioner's motion. Petitioner has until October 21, 2020, to file[2] a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(C) (no extension under Rule 4(a)(5) may exceed 30 days after prescribed time to file notice of appeal or 14 days after date when order granting motion is entered, whichever is later). Petitioner is advised that, along with his notice of appeal, he must either submit the $505.00 filing and docket fees to the clerk's office or submit a request to proceed in forma pauperis using the enclosed form.

IT IS THEREFORE ORDERED that:

1.      Petitioner's motion for extension of time to file an appeal (filing 13) is granted. Petitioner has until **October 21, 2020** to file his notice of appeal.

2.      The clerk of the court is directed to send to Petitioner the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

3.      The clerk of the court is directed to set a pro se case management deadline using the following text: **October 21, 2020**: deadline to file notice of appeal.

---

[2] Petitioner is advised that, pursuant to Federal Rule of Appellate Procedure 4(c)(1), a prisoner's notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing and accompanied by a declaration as to mailing.

2

Dated this 17th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge